FANNY SAPER, ADMINISTRATRIX, ETC., OF LOUIS SAPER, DECEASED, RESPONDENT, v. JOHN BAKER, APPELLANT.

Argued June 26, 1917—Decided July 2, 1918.

On appeal from the Passaic Circuit Court.

For the appellant, *Kalisch & Kalisch*.

For the respondent, *Ward & McGinnis*.

PER CURIAM.

The defendant seeks to reverse a judgment of the Passaic Circuit Court in favor of the plaintiff. The action grew out of the death of Louis Saper, who in the early evening of November 1st, 1916, was killed by an automobile driven by the daughter of defendant. The accident happened shortly before six o'clock on Jefferson street, in the city of Passaic. The deceased, according to the testimony, was pushing a wheel-

barrow along Jefferson street on the right-hand side in a westerly direction, and had not quite reached Hope avenue, which crossed Jefferson street. The automobile, driven by the daughter of the defendant, was going in the same direction and approached the deceased from behind, and without warning knocked him down and ran over him, inflicting fatal injuries. At the intersection of Jefferson street with Hope avenue was a lighted arc lamp; and there were stores on the corners, all lighted, although it was not completely dark at the time of the accident.

The defendant advances four grounds for reversal of judgment, viz.—(1) the court's refusal to nonsuit; (2) the court's refusal to direct a verdict; (3) a remark of the trial judge as to certain evidence he did not recall; (4) his answer to a request of one of the jurors as to whether the law required the deceased to have a light on his wheelbarrow.

1. The defendant was lawfully upon the highway at the time of the occurrence of the accident, and he was not required to carry a light himself or on the wheelbarrow which he was pushing. On the question of negligence a jury question was presented at the close of the plaintiff's case, and, therefore, the trial judge's refusal to nonsuit the plaintiff was correct.

2. At the close of the whole case the situation was not changed, and the trial judge likewise rightly refused to grant a motion for the direction of a verdict in favor of the defendant.

3. The defendant-appellant states his third point as follows:

"Because the trial court erroneously and improperly charged the jury as follows:

" 'I cannot recall myself any testimony in the case which shows that the deceased did anything which was careless or negligent or contributed to the accident.' "

If this were all there was of the charge in that regard, we might be called upon to say whether or not it was erroneous; but, in point of fact, it was not all but is an excerpt from the charge, severed from its context. What the trial judge said on this score was as follows:

"You may also consider, gentlemen, whether there was any contributory negligence on the part of the deceased. I cannot recall myself any testimony in the case which shows that the deceased did anything which was careless or negligent or contributed to the accident. Now, if you find that the defendant was guilty of negligence, then, of course, you come to the question of damages."

That is not all. The trial judge further charged as follows:

"So, take the case, gentlemen, and determine, first, was there negligence on the part of the defendant, acting through the driver of the car. If there was, and there was no contributory negligence, then you take up the question of damages."

There was no error in the charge as delivered upon the question of contributory negligence.

4. The defendant-appellant states his fourth point as follows:

"Because the trial court, upon being asked by a juror, the following question:

" 'Whether a wheelbarrow is supposed to have a light on,' erroneously and improperly answered the question in the following manner:

" 'A wheelbarrow is not obliged by the law to have a light under the conditions here disclosed, and the man is not obliged to carry a light either.' "

This answer by the trial judge to the juror's question was not erroneous. It went further than the question in stating that the deceased was not obliged to carry a light. It was, however, correct as a proposition of law, although irrelevant in respect to the man himself. It was therefore harmless.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 12.

*For reversal*—None.