A. R. ROWLAND, Appellee, v. O. J. SPALTI, Appellant.

PARENT AND CHILD: Liability of Parent—Forbidden Use of Automobile. A parent who consents to the operation of his automobile by his minor son for a *specific* purpose may not be held liable for the negligent operation of the car by the son for an entirely *different* purpose.

*Appeal from Marion District Court.*—H. S. DUGAN, Judge.

JUNE 22, 1923.

ACTION at law, to recover damages for injury to plaintiff's automobile in a collision on the public highway. Verdict and

judgment for plaintiff, and defendant appeals.—*Reversed and remanded.*

*Walter L. Stewart* and *Vander Ploeg & Johnson,* for appellant.

*W. H. Lyon* and *L. D. Teter,* for appellee.

WEAVER, J.—On the morning of July 4, 1921, a Cadillac automobile, owned by the defendant, O. J. Spalti, and driven by his son, Leo Spalti, collided upon the highway with a Buick, owned and driven by the plaintiff, who sues to recover damages for injuries thus occasioned to his car. For the disposition of this appeal, it may be assumed that the proximate cause of the collision was the negligence of the driver of the Cadillac, and that the material questions for our consideration are: First, whether the defendant is liable for the injurious consequences of the negligence of his son; and second, if such liability exists, the proper measure of plaintiff's recoverable damages.

The evidence offered by plaintiff tends to show that defendant's son Leo was 17 years of age, and was unaccompanied by his father or by any other member of the family, and that he had his father's consent to drive the car from their home in Pleasantville to Knoxville. His competency as a driver does not appear to be questioned, and he had been accustomed to drive the car on other occasions, with his father's consent. The defendant, being called as a witness by plaintiff, testified that Leo's trip to Knoxville was made solely for the young man's own convenience or pleasure, and not upon any errand or business for his father. The foregoing, together with other testimony describing the injuries to plaintiff's car and the cost or expense of repairs, constitutes the entire showing upon which a recovery was demanded.

The defendant, in his own behalf, offered testimony to the effect that his son, having received his father's consent to drive the car to Knoxville, went to that town, and then, acting on his own motion, and without defendant's knowledge or consent, undertook for hire to transport a band of musicians from Knoxville to the town of Bussey; and that it was while he was thus operating and using the car, without defendant's authority or

consent, that the collision occurred. In the same connection, defendant further offered to show that the car had never, with his consent, been used for hire or for transporting passengers for hire, and that he had expressly forbidden Leo to make any such use of it. On the objection of the plaintiff, all such testimony was ruled out.

In its instructions to the jury, the court charged, as a matter of law, that:

"Plaintiff has established the fact that defendant's car was being driven by his son with the owner's consent, and defendant is therefore liable for any negligence of his son."

This proposition was repeated in several different forms in the course of the charge, and error is assigned upon said rulings. These exceptions must be sustained. There is no rule or principle of the common law which goes to this extent. See *Reynolds v. Buck,* 127 Iowa 601; *Sultzbach v. Smith,* 174 Iowa 704; *Baldwin v. Parsons,* 193 Iowa 75. The most which can be said under our former decisions is that proof of defendant's ownership of the car and of the fact that the driver is a member of his family "merely makes out, *prima facie,* that the car was being operated for the owner; and to avoid a finding to this effect, there must be some showing to the contrary." See *Baldwin's* case, supra. The rule is further carefully guarded in the same opinion by our declaration that:

"This, however, is a mere inference that an owner probably is in control of his own property, and is given no greater weight than is required to compel the owner to identify those operating the vehicle, and explain by what authority, if not his own, it is being run."

Counsel for appellee calls our attention to the recent statute, Chapter 275 of the Acts of the Thirty-eighth General Assembly, as justifying the trial court's charge to the jury. By Section 12 of that act it is provided that:

"No person *under 15 years of age* shall operate or drive a motor vehicle *by permission from the owner* of the car unless such person be accompanied by a person of mature years, and in all cases where damage is done by any car driven by *any person under 15 years of age,* and in all cases where damage is done by *the car, driven by consent of the owner,* by reason of negli-

gence of the driver, the owner of the car shall be liable for such damage.''

The language of this section is by no means as clear as could be desired; but its apparent purport is to make it unlawful to permit the operation of a motor vehicle by any child under 15 years of age, unless such child be accompanied by a person of mature years, and to impose absolute liability upon the owner of the vehicle for damages occasioned by a violation of such prohibition; while the liability of such owner for the negligence of a driver over 15 years of age is limited to cases where such driver is operating the car with the owner's consent. If this be the proper construction of the legislative language, then, as applied to the case before us, the defendant is not to be held liable, as a matter of law, for negligence of his 17-year-old son; and, if able so to do, he was entitled to meet and rebut the inference or presumption of consent arising from the family relationship, by pertinent evidence in support of his denial. To hold otherwise is to impose an absolute liability upon the defendant, and to render meaningless the statutory provision which conditions liability upon a showing that the car is being ''driven by consent of the owner.'' As the record stands, there is no direct evidence that, at the time of the collision, Leo Spalti was operating the car with the defendant's consent; but, on the contrary, if the witnesses are to be believed, he was driving the vehicle without the owner's consent, and in pursuit of his own pleasure, convenience, or profit, and not in the service of his father or of the family of which he was a member. The statute contains no provision which abrogates the rule approved by us in *Reynolds v. Buck*, supra. See, to same effect, *Doran v. Thomsen*, 76 N. J. L. 754 (71 Atl. 296); *Smith v. Jordan*, 211 Mass. 269 (97 N. E. 761); *Brinkman v. Zuckerman*, 192 Mich. 624 (159 N. W. 316).

It is true that, in the instant case, defendant did consent that Leo should drive the car to Knoxville; and, had the collision occurred while he was making that trip, so authorized, it may be assumed that the father would have been liable for the son's negligence; but it surely may not be said that the consent given for the Knoxville trip operated to expose the

parent to liability for the wrongful act of the son in departing from or exceeding the authority so given him.

The court erred in excluding the defendant's evidence negativing his alleged consent to the use made of his car for the trip to Bussey, and in instructing the jury that such consent had been shown as a matter of law. It follows that the judgment appealed from must be reversed, and cause remanded to the district court for new trial.—*Reversed and remanded.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.