FRANCIS SELEINE, Appellant, v. GILMAN H. WISNER, Appellee.

NEGLIGENCE: Operation of Automobile—Liability of Owner. A cause of action is stated by allegations (1) that the driver of an automobile was negligent in operating it, (2) that plaintiff suffered damages thereby, and (3) that the car was then being operated with the consent of the owner. (Sec. 5026, Code of 1924.) (See Book of Anno., Vol. 1, Sec. 5026, Anno. 1 *et seq.*)

PLEADING: Motions to Strike—Immaterial Allegations. On the issue whether plaintiff is entitled to recover damages for a personal injury because of an alleged negligent act, allegations (1) that parties other than plaintiff were injured, and (2) that defendant carried indemnity insurance, are wholly immaterial, and subject to a motion to strike. (See Book of Anno., Vol. 1, Sec. 11197, Anno. 1 *et seq.*)

Headnote 1: 28 Cyc. p. 45. Headnote 2: 31 Cyc. pp. 637, 640.

*Appeal from Hardin District Court.*—G. D. THOMPSON, Judge.

DECEMBER 15, 1925.

ACTION for damages for personal injury resulting from an automobile accident. From the judgment on a ruling sustaining a demurrer to the petition, plaintiff appeals · *Reversed.*

*E. N. Farber* and *A. D. Davis,* for appellant.

*Herbert A. Huff, W. R. Williams,* and *Lee & Garfield,* for appellee.

DE GRAFF, J.—To the petition of plaintiff the defendant interposed two challenges: (1) by motion to strike certain allegations, and (2) by a demurrer. From the rulings adverse to plaintiff, this appeal is taken.

The pleaded facts pertinent and material on the consideration of this cause are as follows:

"That, on July 2 and 3, 1921, the plaintiff was a passenger in a certain automobile owned by the defendant, Gilman H. Wisner, and then being driven and operated solely by Carroll Crockett, a half brother of Gilman H. Wisner, who was using and operating the said automobile by and with the consent of the owner there-

1. NEGLIGENCE: operation of automobile: liability of owner.

of, and with his knowledge; and the automobile was being driven on the public streets and highways in and about the town of Eldora by said Carroll Crockett, with the plaintiff and others as his guests and passengers, and at his invitation. That the defendant, Gilman H. Wisner, for a long time prior thereto had been in the habit of permitting said Carroll Crockett to drive, use, and operate automobiles that belonged to the defendant, Wisner, and to drive other persons as passengers therein, and the said defendant, Wisner, was fully aware of these things' having been done by the said Crockett and that said Crockett was doing so on July 2 and 3, 1921. That, while the automobile was being driven and operated by said Crockett, and without the interference or direction of any other person, during July 2 and 3, 1921, he drove the same onto and over the public highway west and north of the town of Eldora at a high and dangerous rate of speed, and thereby caused the automobile to run into a ditch and be wrecked, and the occupants were thrown out and injured, as hereinafter stated.''

We may first briefly note the appellant's contentions bearing on the motion of defendant to strike certain matters alleged in the petition. The trial court sustained a motion to strike this sentence:

2. PLEADING: motions to strike: immaterial allegations.

　　''Carroll Crockett, the driver of the automobile, lost his life by reason of said accident.''

We approve the ruling. The allegation is immaterial, and does not constitute any part of the cause of action. This was the primary ground of the motion. The alleged matter was an incident of the accident, and would probably find lodgment in the proof upon the trial of the cause. It was not a causative fact.

The court also struck from the petition certain paragraphs making reference to the fact that the defendant was the owner and holder of a certain policy of insurance and indemnity issued by the Traveler's Indemnity Company. This matter was properly stricken, as it had no relevancy to the pleaded cause of action.

We now pass to the ruling on the demurrer and the grounds upon which said demurrer is predicated. It is therein alleged: (1) That the petition shows that the injuries to plaintiff, if any, were caused by the negligence of Carroll Crockett, and not by

the negligence of the defendant, Wisner; (2) that there is no showing in said petition that said Carroll Crockett was the employee or servant of the said Wisner or a member of his family, or that he was transacting any business on behalf of the said Wisner; (3) that Section 12, Chapter 275, of the Acts of the Thirty-eighth General Assembly of Iowa (Section 5026, Code of 1924), does not create liability on the part of the owner of a car for the negligence of one who is permitted to use his car, in the absence of the relationship of master and servant or employer or employee, or where the user of the car is not transacting business for the owner of the car, or is not a member of the household of the owner; (4) that, if said section of the Code attempts to create a liability upon the owner of a car who permits an adult person to operate his car, in the absence of relationship of master and servant or employer and employee, or creates and imposes a liability where the user of the car is not transacting the business of the owner, or is not a member of the household of the owner, then said section is unconstitutional, for the reason that said statute attempts to take the property of the owner without due process of law, in violation of Section 9, Article 1, of the Constitution of Iowa.

It may be observed that the statute in question, as originally enacted, is written in one section; but in the Code of 1924, the provision relating to the age limit of an operator is in one section and the provision relating to liability for damage is in another. The sections read as follows:

"Sec. 5025. No person under fifteen years of age shall operate or drive a motor vehicle by permission from the owner of the car unless such person be accompanied by a person of mature years."

"Sec. 5026. In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

The legislature in the enactment of the law recognized that an automobile is a dangerous instrumentality. Upon this theory, the police power of the state may be exercised, and it is broad enough to make the owner of an automobile liable for injury

and damage caused through the negligent use of a car by a person who has the consent of the owner to use it. *Stapleton v. Independent Brew. Co.,* 198 Mich. 170 (164 N. W. 520, 1918A L. R. A. 916). See note in *Wolf v. Sulik,* 93 Conn. 431 (4 A. L. R. 356). If the constitutionality of a statute involves two possible interpretations, a court should adopt that construction which upholds its constitutionality. 6 Ruling Case Law 78. The statutory provisions governing the situation disclosed by the pleadings do not attempt to prescribe a liability on the owner of a car whether driven with or without his consent. It is obvious, if damages result from the use of an automobile driven by a person without the owner's consent, that the owner would not be liable, and a statute which attempts to fix liability on such owner without reference to his consent in the operation of the car, would result in taking his property without due process of law.

We have heretofore construed the provisions of this statute. No liability on the part of the owner, independently of the negligence of the driver, is created by the statute applicable to the pleaded facts. The liability depends upon two things: the consent of the owner to the use of the car by the driver, and second, the negligence of the driver. *Maine v. Maine & Sons Co.,* 198 Iowa 1278.

We have also held that an allegation of ownership carries with it an inference of law: to wit, that the car was operated by the owner, or, if by someone else, that it was with the owner's consent. This is a mere inference, and is recognized as a weak one, but sufficient to compel the owner to identify those operating the vehicle and explain by what authority, if not his own, the car was operated. *Halfpap v. Gruis,* 199 Iowa 757. See, also, *Rowland v. Spalti,* 196 Iowa 208; *Mooney v. Canier,* 198 Iowa 251.

We must differentiate between a matter of pleading and the proof offered upon the trial to sustain a judgment. Proof of ownership of an auto *per se* imposes no civil liability on the owner for damages resulting from the negligence of some other person in the use thereof.

The statute under consideration (Section 5026, Code of

1924) was reviewed in *Maine v. Maine & Sons Co.*, supra. It is there written:

"This statute merely says that the owner of the car shall be liable for the negligence of one who is using the car with his consent. * * * The statute defines a new relation or situation of the parties, where a liability on the part of one for the negligence of the other shall exist. In effect, it makes the one who uses an automobile with the consent of the owner, the agent of the latter. * * * As the principal or employer is not liable for every tortious or negligent act of one who is his agent or employee, but only for those committed while the latter is engaged in the employment or agency, so it has been held, under the statute, that, where the owner has consented to a particular use of his car, the negligence of the driver, while using the car for some purpose of his own, and beyond or outside the terms of the consent given, will not render the owner liable. *Rowland v. Spalti*, 196 Iowa 208; *Curry v. Bickley*, 196 Iowa 827."

It is thus seen that the statute in question applies only when the person in possession and operating the automobile is acting with the consent of the owner. The latter has the right to prove the nature and limitations of that consent. In brief, the theory of legal liability does not find application regardless of the surrounding facts and circumstances.

Did the petition in the case at bar state a cause of action? We answer in the affirmative. The petition avers the ownership of the car and the consent of the owner to its use by the driver, whose negligence, as alleged, resulted in damage to the plaintiff. This stated a prima-facie case. Plaintiff having elected to stand on his petition, the judgment entered against the plaintiff dismissing the cause with costs is—*Reversed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.