HULDA J. LANGE, Appellee, v. CLARENCE BEDELL, Appellant.

**MOTOR VEHICLES:** Operation—Consent of Owner—Jury Question. A
1  jury question is created on the issue *whether an automobile was being
operated with the consent of the owner* by testimony that the driver
had habitually used the car for business and pleasure both before and
after the accident, even though the counter testimony of the owner
that he had expressly forbidden the use of the car on the occasion in
question *was not directly contradicted.* (See Book of Anno., Vol. 1,
Sec. 5026.)

**NEGLIGENCE:** Acts Constituting—Driving Blind Horse. It is not
2  negligent *per se* to drive a blind horse in a narrow highway on a dark
night with the horse hitched to an unlighted buggy.

**HIGHWAYS:** Law of Road—Driving on Wrong Side—Instructions.
3  Instructions relative to the duty of vehicle drivers to turn *to the right,*
on meeting, are justified by an allegation of negligence in driving on
the *wrong side* of the road at the time of meeting.

**MOTOR VEHICLES:** Operation—Prudent Operation. The act of driv-
4  ing an automobile without lights on the wrong side of a highway on a
dark night is *per se* not careful and prudent.

**APPEAL AND ERROR:** Harmless Error—Undue Burden on Appellee.
5  Appellant may not complain of an instruction which placed an undue
burden of proof on appellee.

**TRIAL:** Instructions—Unsupported Issue—Failure to Except. Failure
6  to except to an instruction which submits an unsupported issue is fatal
to the right of review on appeal. (See Book of Anno., Vol. 1, Sec.
11495.)

Headnote 1:   28 Cyc. p. 48 (Anno.)  Headnote 2:   29 C. J. pp. 656, 657
(Anno.)  Headnote 3:   29 C. J. p. 669; 28 Cyc. p. 49.  Headnote 4: 28
Cyc. p. 48.  Headnote 5:  4 C. J. p. 919.  Headnote 6:  3 C. J. p. 919.

Headnote 1:  2 R. C. L. 1198.  Headnote 2:  48 L. R. A. (N. S.) 141.
Headnote 3:  13 R. C. L. 286; 14 R. C. L. 784.  Headnote 4:  2 R. C. L.
1192.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

FEBRUARY 15, 1927.

REHEARING DENIED JULY 1, 1927.

Action at law, to recover damages for loss of time, expense of medical service and attendance, and personal injuries resulting from the collision of an automobile with the plaintiff's buggy. Verdict and judgment for plaintiff, and the defendant appeals.—*Affirmed.*

*Herminghausen & Herminghausen* and *Seerley & Clark,* for appellant.

*Johnson & Martin,* for appellee.

STEVENS, J.—I. While proceeding eastward from the town of Wever, on a public highway about 8 P. M., December 10, 1923, the buggy in which appellee and Mrs. Allie Lange, her mother, were riding, was struck by a motor vehicle traveling in the opposite direction, and the left front wheel was demolished, with the result that Mrs. Lange was at once thrown out of the buggy onto the ground, as was also appellee, who was dragged some distance by the horse, which ran away. Shortly thereafter, this action was instituted by the plaintiff, to recover damages for injuries alleged to have been received by her when she was thrown from the buggy, for loss of time, and for expenses of medical care and treatment. Appellee alleged in her petition that the motor vehicle which struck the buggy was owned by appellant, and that it was being driven by his son Leslie Bedell, with his knowledge and consent.

At the conclusion of plaintiff's case, and again at the close of all the evidence, appellant moved for a directed verdict, upon the grounds that the evidence wholly failed to show that the automobile causing the accident was the property of appellant, or that same was being driven by his son, with his knowledge and consent; and that appellee was guilty of contributory negligence. The several questions presented by this motion were raised at every stage of the proceedings and in every available way. Appellee testified that she was unable to identify the automobile, which was a Ford coupé, or the driver thereof, in the darkness, but that she observed, as it approached, that a dim light was displayed on the front end thereof, and that the headlights were not shining. Appellant, Leslie, and other members of appellant's family testified that the batteries had been re-

1. MOTOR VEHI-
CLES: operation:
consent of own-
er: jury
question.

moved from the Ford coupé owned by him, and that, because of this fact, he forbade Leslie, on the evening of the accident, to drive the car until they were restored. Leslie and Howard Tucker, his companion in the car, admitted that they attached a lantern to the automobile and drove it to Wever on the night in question. Tucker further admitted that he knew they struck some object in the highway, and Leslie conceded that it was the buggy occupied by appellee and her mother. The evidence fully warranted the finding of the jury that the automobile in question was owned by appellant. Appellant testified that Leslie was employed by Tucker, who lived about 3 miles distant, to gather corn; that he returned home for supper on the evening of December 10th; and that, during the meal, he said to Leslie that he did not want him to drive the Ford coupé until the batteries were replaced. Leslie, appellant's wife, and his daughter corroborated this testimony given by appellant, which was not disputed by other direct evidence. As appellant was the owner of the automobile, it must be assumed that he exercised the ordinary control and incidents of ownership thereover. Presumptively, therefore, as it was in the possession of Leslie, it was being driven with the owner's consent. *Landry v. Oversen,* 187 Iowa 284; *Rowland v. Spalti,* 196 Iowa 208; *Seleine v. Wisner,* 200 Iowa 1389; *Halfpap v. Gruis,* 199 Iowa 757; *Napier v. Patterson,* 198 Iowa 257.

This presumption, which we have said is not a very strong one, may be rebutted by proof to the contrary. That Leslie habitually drove the Ford automobile for business and pleasure, both prior and subsequent to the night in question, is either admitted or abundantly established by the evidence. The direct testimony of appellant and the other members of his family, who were called as witnesses, could not, under the circumstances shown, be contradicted by direct testimony. The testimony of these witnesses was not conclusive, and could be rebutted only by circumstances, together with the reasonable or unreasonable character of such testimony. The automobile appears to have been used by Leslie in the same manner as automobiles are customarily used by members of the family old enough to operate the same. Leslie knew that the batteries had been removed, as he had taken them to Fort Madison to be charged. The inquiry might naturally arise in the minds of the jurors as to why appellant deemed it

necessary to caution his son not to drive the car without bat-
teries. It would ordinarily be presumed that no prudent person
would attempt to drive an automobile at night upon a much fre-
quented public highway with the light batteries removed. We
said in *Landry v. Oversen*, 187 Iowa 284, that this defense is
easily manufactured and difficult to meet. The jury had the
right to weigh the testimony of the witnesses in the light of all
the facts and circumstances disclosed by the evidence, together
with the reasonable or unreasonable character of the testimony.
They were not bound to accept the statements of the witnesses
as conclusive because not contradicted by other direct evidence,
when, in the very nature of things, contradiction thereby was
impossible. A question of fact was presented for the jury. The
grounds of the motion for a directed verdict so far discussed
were properly overruled.

The third ground of the motion was that appellee was guilty
of contributory negligence. This contention is based upon the
claim that she was driving a blind horse in a narrow highway

2. NEGLIGENCE:
acts constituting:
driving blind
horse.

on a dark night, hitched to a buggy on which
no lights of any kind were displayed. The stat-
utes of this state do not require the driver of a
horse-drawn vehicle to display lights on such vehicle. In the
absence of a statute to that effect, the failure to do so does not
constitute negligence as a matter of law. *Decou v. Dexheimer*
(N. J.), 73 Atl. 49; *Saper v. Baker*, 91 N. J. Law 713 (104 Atl.
26). Appellee had a right to be upon the highway at the time
and place and in the vehicle described, and the court properly
so instructed the jury.

The petition alleged:

"That Leslie Bedell, son of defendant, was driving a Ford
automobile, the property of defendant, west along said road;
that no headlights were burning on said automobile. That said
Leslie Bedell negligently and carelessly drove said automobile
west on the south side of said road, and negligently and care-
lessly, and without any fault or contributory negligence on the
part of this plaintiff, drove said automobile into the buggy in
which plaintiff was riding; and that said Leslie Bedell failed to
drive said automobile in a careful and prudent manner."

During the progress of the trial, appellee filed an amend-
ment to her petition, alleging that "the driving of the car, as

alleged in the original petition, without the lights as required by law, is one of the grounds of negligence relied upon, and it being the cause of the injury.''

A motion for more specific statements of the allegations of the petition was filed by appellant, in which it was asked that she be required to state in whose interest Leslie was driving the car, in what particular the car was negligently and carelessly driven, and in what particular the driver failed to drive the same in a careful and prudent manner. The motion was sustained in part, and required appellee to make her petition more specific, and to show for whom the car was being driven, and to itemize the expense of medical treatment for which recovery was asked. The amendment filed in response to the ruling on the motion alleged that Leslie Bedell is the son of appellant, and that he was driving the car by and with appellant's consent.

II. The court instructed the jury that the law requires the driver of any vehicle upon a public street or highway to turn to the right and yield one half of the road, when meeting another vehicle; that motor vehicles be equipped with two or more white or tinted lights other than red on the forward part thereof, so placed as to be visible at a distance of 500 feet in the direction in which displayed, and of sufficient illuminating power to reveal any person, vehicle, or substantial object 75 feet ahead of the lamps; that every driver of a motor vehicle upon a public highway shall drive the same in a careful and prudent manner, and at a rate of speed that will not endanger the property of another or the life or limb of any person; that appellee and the driver of the automobile had equal rights to the use of the highway; that each was charged with the duty of maintaining a reasonable lookout for the approach of other vehicles, and of turning to the right, and of exercising reasonable care and prudence to avoid a collision; that travelers lawfully proceeding in an automobile on the right-hand side of the traveled highway are justified in assuming that another traveler going in the opposite direction on the same side thereof will do all that a reasonably prudent and cautious person, under all the circumstances, would do, to avoid a collision.

3. HIGHWAYS: Law of Road: driving on wrong side: instructions.

It is urged by appellant that the foregoing instructions submitted grounds of negligence not alleged in the petition. As

previously stated, the specific negligence charged in the petition was the driving of the automobile without lights upon the wrong side of the road, and not in a careful and prudent manner. The petition did not in specific terms allege that the driver of the automobile failed to turn his car to the right upon approaching appellee, so as to yield her one half of the traveled portion of the highway. No substantial distinction, either as a matter of law or fact, can be drawn between the negligence of a driver of a motor vehicle who usurps the wrong side of the road, as the evidence tended to show he did in this case, and negligence in failing to turn the car to the right, in obedience to the statutory requirement. The purpose of the statute is to prescribe a rule to govern travelers upon the highway, and to secure, so far as possible, freedom from accidents. It would, perhaps, have been better if the instruction had more accurately stated the issues as made by the allegations of the petition, but the effect of the instruction was not essentially different from what it would have been if the statement had been more accurate. It appears that the highway at the point of the accident was approximately 40 feet in width, with ditches on either side, the ditch on the north side being about 3½ feet in depth and at least 8 feet in width. The road had been dragged on the day of the accident, and was doubtless in good condition. Appellee testified that she was driving on the right-hand side of the road, as close to the ditch —which was smaller than the one on the other side of the highway—as she could with safety; that she observed the automobile approaching, and realized that it was traveling on the wrong side of the road and that no effort was being made to turn to the right; that she sought to avoid the collision by turning as far as possible toward the ditch. This testimony is not disputed. It appears from the testimony that the driver of the automobile did not turn out, and that neither he nor his companion saw the buggy, or scarcely realized that it was struck by the automobile. It was the statutory duty of the driver of the automobile to drive the same in a careful and prudent manner, so as to avoid

4. MOTOR VEHI-
CLES: operation:
prudent oper-
ation.

collision with other vehicles and the consequent danger of injury to the property or person of another. Driving a motor vehicle on the wrong side of a highway on a dark night without lights is a violation of the statute requiring that same be driven in a careful and

prudent manner. The point made is without substantial merit. It is argued in this connection that the overruling of the motion for more specific statements as to the grounds of negligence limited appellee in her proof to the specific grounds alleged in the petition. The overruling of the motion is not assigned as error. The petition was reasonably specific, and could not well have been made more specific in the particulars asked by the motion. The inaccuracy in the instruction complained of could not have been prejudicial.

III. Serious complaint is made of the court's Instruction No. 13, which is as follows:

"In this case, as the defendant, Clarence Bedell, was not in the car at the time of the accident, he would not be liable for any damage caused by any negligence in the use of the said car, unless it was then and there being operated by some agent or servant of his,—that is, someone who, with his authority, represented him, and was, at the time the said car was being so used, in his service or business. Plaintiff alleges that it was being so run; that it was operated by defendant's son, and was used by defendant as a pleasure and business car. As to that, it is the law, and you are so instructed, that, if a man owns a car which he keeps, among other things, for use as a pleasure car for himself and family, and also for business purposes, and he permits his son to operate it, and the son takes the car for a pleasure trip or a business trip, the car, under such circumstances, would be used in the father's services; the furnishing of pleasure, comforts, and enjoyments within his means being a part of a father's business or services. Therefore, if you find that the defendant, Clarence Bedell, kept the car for use as a family car, and permitted his son to use it for his pleasure or business, you would be warranted in finding that, on this occasion, the son was the agent of the father, and was using it in the father's service. The burden is on the plaintiff to prove this by a preponderance of the evidence, and if she has failed in this respect, your verdict should be for the defendant."

5. APPEAL AND ERROR: harmless error: undue burden on appellee.

The foregoing instruction is not based upon the allegations of the petition. The allegations of the petition and amendment thereto were that the defendant was the owner of the automobile, and that it was being driven by and with his consent. Sec-

tion 5026 of the Code of 1924 provides:

"In all cases where damage is done by any car driven by any person * * * by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

The exceptions taken to this instruction state, in substance, that no evidence was introduced to contradict the testimony of appellant that Leslie was driving the car without his consent or authority, and that no evidence was introduced to show that the car was a pleasure car, but that, on the contrary, it showed that it was not kept for pleasure, but for business; that no evidence was introduced to show that it was being used in the father's services; that the instruction made no distinction between the use of the car by the son in the business of the father or the use thereof in his own business.

The further suggestion is made that the instruction told the jury that, if the son was using the car for his own business, it would be warranted in finding that it was in the service of the father, without reference to his consent. The criticism here made of the instruction is not merited, unless it be that the reference therein to the son as the servant of his father was erroneous and prejudicial. No evidence whatever was introduced for the purpose of proving that Leslie was, at the time in question, acting as the agent or servant of appellant. It is true that he purchased a pair of mittens in Wever that night, and had the same charged to appellant. The purpose of this evidence was for its possible bearing upon the question of appellant's consent to the use of the automobile. The court in other paragraphs of its charge correctly stated the burden of proof resting upon appellee. The instruction placed a much greater burden upon her than she was required to carry, under the allegations of the petition to recover. The prejudice resulting from the giving of this instruction was to appellee, rather than to appellant. The error, if any, does not present a ground for reversal.

IV. In the preliminary statement of the issues to the jury, the court included the allegation of the petition that one of the results of the injuries complained of was to render appellee incapable of doing her ordinary housework and other work, and asking damages for the loss of time occasioned thereby. This instruction was

6. TRIAL: instructions: unsupported issue: failure to except.

excepted to, upon the ground that the evidence wholly failed to show the value of such loss of time or the reasonable value of the housework and other work which she was disabled from performing. In a subsequent instruction, the court told the jury that, if it was found that the plaintiff was entitled to recover, she should be allowed the reasonable value of the time, if any, which she lost on account of the injuries suffered, and also that this item of damage was subject to direct proof, and that it must be determined by the jury from the evidence introduced. No exception was taken to this later instruction. No motion was made to withdraw this issue from the jury, nor is its submission raised in any way by the motion for a new trial. Although an instruction may be correct as an abstract proposition of law, it is error to give it if the issue upon which it is based is wholly without support in the evidence. *Fay v. Chicago, R. I. & P. R. Co.*, 186 Iowa 573; *City Nat. Bank v. Mason*, 181 Iowa 824; *Moffitt v. Cressler*, 8 Iowa 122; and many other cases decided by this court. It is also the law that an instruction to which no exception is taken becomes the law of the case. *Troxel v. City of Vinton*, 77 Iowa 90; *Greenlee Bros. v. Eggert*, 137 Iowa 120. The preliminary statement of the issues by the court was nothing more than a recital of the allegations of the petition and the answer. It is no doubt the better practice for the court to omit entirely from the preliminary statement all issues that have been withdrawn, or that should not, because without support in the evidence, or for some other reason, be submitted to the jury. This is frequently not done. The mere statement of the allegations of the pleadings to the jury does not operate as a submission of a question to the jury. The law by which the jury must be governed is always stated, following the recital of the allegations of the pleadings. The failure to except to an instruction is fatal to the right of review on appeal. The exception preserved to the statement of issues was not sufficient. The subsequent instruction must also have been challenged, as required by statute. It may be conceded that no evidence was offered to prove the value of the time lost. Appellee was, therefore, not entitled to recover on this item. *Winter v. Central Iowa R. Co.*, 74 Iowa 448; *Baxter v. Chicago, R. I. & P. R. Co.*, 87 Iowa 488; *Sachra v. Town of Manilla*, 120 Iowa 562.

Had a motion been made to withdraw the issue from the

jury, upon the ground that it was wholly without support in the evidence, it may be assumed that it would have been sustained. We deem it proper to say in this connection that the loss of time for which damages were asked amounted to little, and it may be assumed that no substantial prejudice resulted from the giving of the instruction.

V. It is also contended by appellant that the court incorrectly defined and failed to properly instruct on the subject of contributory negligence. Paragraph 12 of the charge fully covered this subject. The instruction requested on this subject, so far as proper, was substantially incorporated in the instruction given. The requested instruction, as a whole, which embodies appellant's theory that it was the duty of appellee to display lights on the buggy, was erroneous, and was properly refused.

VI. Many instructions were requested by appellant. So far as proper, they were embodied substantially in the instructions given. Manifestly, many instructions were asked by counsel for the purpose of preserving in every permissible form appellant's theory of the case, and to enable him to take advantage of any error in the record. We deem it unnecessary to refer specifically to any of the remaining requested instructions. Other matters are discussed by counsel, but what we have already said disposes of the appeal, and nothing would be gained by the discussion thereof. We are of the opinion that the record as a whole presents no ground for reversal. The errors therein were either against appellee or without prejudice to appellant.

The judgment below is affirmed.—*Affirmed.*

EVANS, C. J., and VERMILION and MORLING, JJ., concur.