ORVILLE R. FOSTER, Appellee, v. O. K. FLAUGH, Appellant.

No. 43788.

FEBRUARY 9, 1937.

REHEARING DENIED MAY 8, 1937.

Hal W. Byers and McMartin, Herrick & Langdon, for appellant.

Chester J. Eller, for appellee.

KINTZINGER, J.—On the afternoon of May 30, 1935, while the plaintiff was driving westerly on a dry pavement over highway No. 6, a few miles west of Altoona, his automobile was struck by defendant's truck driven by one Marvin Olivier, who was traveling easterly on the same highway. Three other automobiles were also proceeding easterly ahead of defendant's truck. There was a dirt road intersecting highway No. 6 just west of Altoona, and the driver of the first car intended turning north thereon. Other cars were approaching the intersection from the east, and the driver of the first car stopped to let them pass. Before stopping, she held out her arm indicating an intention to turn north. When the first car stopped, the driver of the second car also held out his arm and brought his car to a stop; then the driver of the third car applied his brakes and brought his car to a stop. The application of the brakes caused the red tail light on the rear of his car to appear, indicating that he also was stopping.

Plaintiff's car was traveling west on its right side of the road at a moderate rate of speed, and when it was passing the third car traveling in the opposite direction, the defendant's truck turned to the left or north side of the highway, and was crossing the same when the collision occurred.

The evidence shows without dispute that when the first car stopped, there was plenty of room for the second and third cars to do likewise. There is some dispute in the evidence as to the distance between the third car and defendant's truck when the third car stopped. The driver of the third car testified that there was a space of 40 or 50 yards between his car and the car ahead of him when he came to a stop, and that he did not stop suddenly. He said there were two girls riding with the driver of defendant's truck, and that when he looked toward the rear through his mirror, he saw the truck behind him zigzagging from one side of the road to the other. He also testified the truck was about 100 yards behind him when he stopped.

The driver of defendant's truck testified that he noticed only one car ahead of him, which seemed to stop suddenly; that he then applied the brakes, with the intention of taking the right

side of the road, when the car ahead took the same side. That he first tried to go to the right shoulder of the road, and when he could not do so, he turned to the left, and tried to cross over to the left or north side of the paving when the collision occurred.

The case was submitted to the jury upon instructions by the court, and a verdict returned for the plaintiff in the sum of $125, and judgment entered thereon from which defendant appeals.

■■■ I. Appellant contends that the court erred in submitting to the jury the issue of "yielding to the plaintiff the right of way", upon the ground that no such issue was pleaded. Among the issues submitted, the court, in instruction No. 1, said:

*"That the driver of the defendant's truck failed to yield to the plaintiff the right of way,* and that he did not keep a proper lookout for cars approaching on his left, and that he changed his course from his right hand side of said highway to his left hand side * * * without observing and seeing that he could make said change in safety, and that in making said change from his right hand side of said highway to his left hand side * * *, he ran in front of and against the automobile of the plaintiff, causing the damage thereto as herein alleged."

It is contended that the court erred in giving that part of the foregoing instruction in italics, because no such allegation was contained in the pleadings and because it was not supported by the evidence. While the pleadings do not specifically allege that the "defendant's truck failed to yield to the plaintiff the right of way", the pleadings do contain as allegations of negligence the following:

"That said defendants negligently drove defendant's said truck to the left of the center of said paved highway directly across the path of plaintiff's automobile, and colliding with the car of said plaintiff.

"That said defendant's driver drove defendant's truck at a high and dangerous rate of speed *on the wrong side of said highway directly in front of said plaintiff's car,* without due regard to the rights of others using said highway at said time and place, including the plaintiff." (Italics ours.)

Highway No. 6 was a paved primary highway. Defendant's truck was traveling in an easterly direction thereon. The right side of the highway for defendant's truck was the south side of

the road. The plaintiff's automobile was approaching on the north or his right side of the highway.

While plaintiff did not in specific terms allege that defendant's driver failed to yield to plaintiff's car one-half of the roadway, the allegations hereinabove set out distinctly show that the defendant's driver did not turn to the right and give plaintiff one-half of the roadway as provided by section 5020 of the Codes of 1931 and 1935, which provides that:

"Persons * * * in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right."

The evidence shows that the vehicles occupied by plaintiff and the defendant's driver were meeting each other on public highway No. 6, and the foregoing statute required each to give the other one-half of the traveled road by turning to the right.

Both the pleadings and the evidence show that defendant's driver did not give the plaintiff one-half of the highway, but on the contrary that the defendant's driver, at the time of the collision, occupied plaintiff's side of the road.

This question was practically settled by this court in Lange v. Bedell, 203 Iowa 1194, loc. cit. 1199, 212 N. W. 354, 357, where we said:

"The petition did not in specific terms allege that the driver of the automobile failed to turn his car to the right upon approaching appellee, so as to yield her one-half of the traveled portion of the highway. No substantial distinction, either as a matter of law or fact, can be drawn between the negligence of a driver of a motor vehicle who usurps the wrong side of the road, as the evidence tended to show he did in this case, and negligence in failing to turn the car to the right, in obedience to the statutory requirement. The purpose of the statute is to prescribe a rule to govern travelers upon the highway, and to secure, so far as possible, freedom from accidents. It would, perhaps, have been better if the instruction had more accurately stated the issues as made by the allegations of the petition, *but the effect of the instruction was not essentially different from what it would have been if the statement had been more accurate.*" (Italics ours.)

So in the case at bar the pleadings allege and the evidence

shows that the driver of defendant's truck wrongfully usurped the wrong side of the road; and no substantial distinction can be drawn between such allegations and an allegation of negligence alleging the failure of defendant's driver to yield to the plaintiff one-half of the roadway. An allegation in the words of the statute might be in better form, but as the words used substantially express the statutory requirements, we find no prejudicial error therein.

We are constrained to hold that the pleading and the evidence were sufficient to submit that part of the instruction complained of, and we find no prejudicial error therein.

■■■ II.  Appellant also contends that the court erred in failing to instruct the jury on the issue raised by appellant that the negligence of the drivers of automobiles ahead of defendant's truck may have been the sole and proximate cause of the accident.

Defendant's answer alleges among other things:

"That the negligence of drivers of automobiles proceeding easterly on the pavement, ahead of the defendant's driver, in suddenly stopping without first seeing that there was sufficient space to make such movement in safety, and without first giving a visible or audible signal to the drivers of vehicles following of the intention to make such movement, constituted the sole and proximate cause of the accident."

The evidence shows without dispute that the drivers of all three cars ahead of defendant's truck had ample time in which to stop their cars, and that the drivers of the first two cars gave signals indicating their intention to stop; it also shows that the driver of the third car indicated his intention to stop by the application of his brakes causing a red light to appear on the rear of his car.

The evidence shows without dispute that there was no negligence on the part of the drivers of the first or second cars ahead of defendant's truck which in any manner caused or contributed to the collision in question. Appellant claims, however, that the driver of the car immediately preceding defendant's truck was guilty of negligence in stopping suddenly without giving any signal indicating his intention to stop, and that his failure so to do was the proximate cause of the collision in question.

The defendant's driver saw only one car ahead, and there

was no testimony that the first two cars in the line ahead did anything or failed to do anything constituting negligence on their part. The driver of the third car, or the one immediately ahead of defendant's truck, had ample time to stop his car, before doing so. When he saw the car ahead of him stop, it became his duty to do likewise. This he did, saying there was ample room to enable him to do so in safety. Under these conditions, with a car approaching from the opposite direction, it became his duty to bring his car to a stop. If he had turned to the left, he would have been in danger of striking plaintiff's car approaching from the east, and might himself have been guilty of negligence in so doing.

It is difficult to understand how the driver immediately ahead of defendant's truck could have been guilty of any negligence because he did what he was required to upon seeing the car in front of him come to a stop. It cannot be said that he was guilty of any negligence which in any manner contributed to the collision in question by so doing.

We have carefully examined the evidence respecting the actions of the three drivers immediately preceding defendant's truck, and are constrained to hold that none of them was guilty of any negligence causing the collision in question.

In addition to the foregoing, it might be said that the court fully and fairly instructed the jury that the defendant would be relieved from the results of his negligence by showing a legal excuse therefor; that is, if it appeared from the evidence that it was impossible for him to comply with the requirements of the statute, or if it was shown that any circumstances or conditions over which he had no control placed his car in a position contrary to the requirements of the statute, or if he was confronted by an emergency not of his own making, such facts would constitute a legal excuse relieving him from liability.

No other errors are alleged. For the reasons hereinabove set out, it is our conclusion that the judgment of the lower court was right, and the same is hereby affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.