Leo T. Krausnick, Administrator, Appellant, v. Haegg Roofing Company et al., Appellees.

No. 46746.

November 13, 1945.

L. D. Dennis, of Cedar Rapids, for appellant.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for Haegg Roofing Company, appellee.

Crissman & Bleakley, of Cedar Rapids, for William Seilhamer, appellee.

SMITH, J.—Count I of plaintiff's petition alleges that plaintiff's five-year-old intestate was killed on October 2, 1943, by a truck driven by defendant Seilhamer while intoxicated and with the consent of defendant Haegg Roofing Company, the owner thereof. The action as against the owner is predicated on such consent alone. Specifications of negligence of Seilhamer as the proximate cause of the claimed injury are, of course, included.

Count II alleges that defendant Seilhamer was an employee of his codefendant and that the claimed injury occurred as he was returning the truck to his employer's garage after work. It, too, contains allegations of negligence of Seilhamer as the proximate cause of the injury.

Count II also contained various allegations to the general effect that defendant Seilhamer had been in the employ of defendant Haegg Roofing Company for a number of years; that he was a man who often became intoxicated and was not a competent person to be in charge of or driving the truck; that defendant Haegg Roofing Company knew this fact, or in the exercise of reasonable diligence should have known it; that knowing it, said company was negligent in permitting him to drive the truck on the day in question; that it knew on the forenoon of said October 2d, that its said employee on said day had been drinking intoxicating liquor and was partially intoxicated and not competent to be driving the truck, and that on divers occasions he was in the habit of driving it for his own personal use; and that the negligence of Haegg Roofing Company in all these respects, combined with the other negligent acts alleged, was the proximate cause of the injury that resulted in the death of plaintiff's intestate.

These last-enumerated allegations were on motion stricken from the petition and from this ruling plaintiff, having obtained

permission under Rule 332, Iowa Rules of Civil Procedure, appeals. Haegg Roofing Company will be referred to as appellee.

I. It will be observed Count II pleads a cause of action based on the theory of respondeat superior. Allegations of the relationship of master and servant and that the injury occurred while the servant was returning the truck to the owner's garage after work would be immaterial otherwise.

On the other hand, the stricken portions were quite immaterial to a cause of action based on the theory of imputed negligence because of the relationship of master and servant.

The cases cited by appellee are quite conclusive to the proposition that the master's liability to third persons for injuries negligently inflicted by the servant while in the course of his employment is based on the specific negligent acts of the servant being imputed to the master and not on original negligence of the master in employing a careless and incompetent servant. See Black v. Hunt, 96 Conn. 663, 115 A. 429; Minot v. Snavely, 8 Cir., Mo., 172 F. 212, 19 Ann. Cas. 996; Denver City Tramway Co. v. Cowan, 51 Colo. 64, 116 P. 136; Grand Rapids & I. R. Co. v. Ellison, 117 Ind. 234, 20 N. E. 135.

We think the ruling of the court must be affirmed on the ground that the stricken portions embodied subject matter that was immaterial and irrelevant to the cause of action based on respondeat superior.

 Motion is the proper remedy for improper joinder of actions and the court properly struck the cause that was improperly joined. Rule 27(b), Iowa Rules of Civil Procedure.

 II. But the motion to strike urged another ground, viz., that the stricken portions of the petition constituted an attempt to plead a theory of liability "unknown to the law." The ruling of the court was general and did not reveal upon what ground it was based. An unqualified affirmance here might be construed as sustaining this ground.

The argument of appellant on appeal is directed principally to this attack. He argues for a theory of liability entirely distinct from that pleaded in Count I and also entirely distinct from one dependent on the relationship of master and servant or principal and agent.

This theory is that the owner of a motor vehicle may be held liable for a resulting injury to a third person upon the ground of negligence if he knowingly entrusts its operation to an inexperienced or incompetent driver. 42 C. J., Motor Vehicles, section 836; Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975; Elliott v. Harding. 107 Ohio St. 501, 140 N. E. 338, 36 A. L. R. 1128; Mitchell v. Churches, 119 Wash. 547, 206 P. 6, 36 A. L. R. 1132; Smith v. Nealey, 162 Wash. 160, 298 P. 345; 5 Am. Jur., Automobiles, section 355; Berry, Automobiles, Sixth Ed., section 1327. Other cases will be found cited in General Digest, "Automobiles," Key No. 192.(11).

This is on the principle that, though the automobile may not be technically a dangerous instrumentality, it is nevertheless one capable of doing great damage in the hands of an incompetent driver. Smith v. Nealey, supra, citing Berry on Automobiles (3rd Ed.) section 1040; Elliott v. Harding, supra; Mitchell v. Churches, supra; 5 Am. Jur. 696, note 18, citing cases.

In cases of the kind we are now discussing liability does not rest on the rule of respondeat superior (Elliott v. Harding, supra; Smith v. Nealey, supra) but upon the combined negligence of the owner and the driver, the owner's negligence consisting in the act of loaning the car to an incompetent driver and the latter's negligence in its operation. Lutfy v. Lockhart, supra; Mitchell v. Churches, supra.

No Iowa case is cited in support of this theory and we have found none. However, it seems to be well established as a common-law proposition and we must hold it is in effect here unless it has been abrogated by statute.

■ III. Appellee contends that the rule is "inapplicable" in view of our consent statute, section 5037.09, Iowa Code, 1939 (section 5026, Iowa Code, 1924), which provides:

"In all cases where damage is done by any car by reason of negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage."

We think the contention unsound. It is true the statute does in one way broaden the common-law rule of liability. Robinson v. Bruce Rent-A-Ford Co., 205 Iowa 261, 266, 215

N. W. 724, 61 A. L. R. 851. In Page v. Koss Construction Co., 219 Iowa 1017, 257 N. W. 426, we held that the statute provides a cause of action different from one growing out of the relation of master and servant. Lind v. Eddy, 232 Iowa 1328, 6 N. W. 2d 427, 146 A. L. R. 695, says the statute does not create the relationship of principal and agent, notwithstanding the language of some earlier cases, but that the liability created is analogous to that of a principal for the negligence of his agent. Seleine v. Wisner, 200 Iowa 1389, 206 N. W. 130, upholds the constitutionality of the statute even though it creates liability when no relationship of master and servant is shown.

But none of these cases cited by appellee leads to the conclusion that the statute has entirely replaced all common-law rules of owner's liability. It has created liability in some situations where none existed before. It does as appellee says: imposes liability on the owner for the negligence of the driver *whether he knew the driver was incompetent or not.*

But that is true only if the car is being driven with his consent *at the time of the injury.* If it was placed in the driver's possession for a specific trip or purpose, there is no liability of the owner under the statute if injury to a third person results from negligent operation of the vehicle while being used for a different and unauthorized purpose. Heavilin v. Wendell, 214 Iowa 844, 241 N. W. 654, 83 A. L. R. 872; Maine v. Maine & Sons Co., 198 Iowa 1278, 201 N. W. 20, 37 A. L. R. 161; Rowland v. Spalti, 196 Iowa 208, 194 N. W. 90.

We see no reason for holding in the latter case that the common-law rule of liability might not be invoked against the owner if he negligently placed the vehicle in the hands of a known incompetent driver, thereby making possible the injury to others by reason of negligent operation, even though the particular use at the time of the injury was beyond the scope of his consent. It would have to appear, of course, that such independent negligence of the owner proximately caused the injury complained of.

We have examined the Michigan cases cited by appellee. Kalinowski v. Odlewany, 289 Mich. 684, 287 N. W. 344; Stapleton v. Independent Brewing Co., 198 Mich. 170, 164 N. W. 520, L. R. A. 1918A, 916. Neither one constitutes a clear holding

that the statute entirely supersedes the common-law rules as to the liability of owners of negligently driven motor vehicles. Nor is the Michigan statute, C. L., 1929, section 4648, identical with ours. It provides:

"The owner shall *not* be liable however, *unless* said motor vehicle is being driven with his or her express or implied consent or knowledge." (Italics supplied.)

Our own statute says the owner *shall* be liable in all cases *if* the vehicle is driven with his consent. The Michigan statute is restrictive and exclusive; our own is inclusive and enlarging in character. It is not clear that they are similar in their impact upon the existing common-law rules.

The decision of the trial court is affirmed for the reasons heretofore stated, but without prejudice to appellant's right to plead separate causes of action in separate counts if he shall so elect.—Affirmed and remanded.

All JUSTICES concur.