IN RE ESTATE OF JOHN D. SKILES.

CLYDE E. BRENTON, Appellant, v. V. A. NEAL, Executor, Appellee, et al.

No. 40265.

FEBRUARY 18, 1930.

REHEARING DENIED SEPTEMBER 22, 1930.

*C. E. Hunn, Guy S. Hall,* and *H. S. Hunn,* for appellant.

*Blake Willis,* for appellee.

*L. V. Harpel* and *F. Hollingsworth,* for E. I. Rundel, Intervener.

ALBERT, J.—An action was commenced in the district court of Boone County, in 1923, against N., L. J., and Ralph Lewiston, for rent and to enforce a landlord's lien. A writ of attachment was issued, and certain property was levied upon thereunder.

The Lewistons furnished, and the sheriff accepted, a bond for the discharge of said property, in which the Lewistons appeared as principals, and John D. Skiles and E. I. Rundel signed as sureties. Thereafter, on March 16, 1926, a judgment was entered by default against both the principals and the sureties on said bond, in the sum of $2,331.58 and costs.

On March 21, 1926, a motion was filed in the Boone County district court to set aside this judgment, which motion was sustained by the court, and appeal was taken from this order to the Supreme Court. On November 22, 1927, the order of the district court setting aside and vacating the judgment was affirmed. *Brenton v. Lewiston,* 204 Iowa 892.

One of the grounds of the motion to set aside and vacate the judgment was that John D. Skiles was deceased at the time the judgment was entered. It appears that he died in December, 1925, and on February 1, 1926, his estate was opened in the Dallas County district court, and V. A. Neal was appointed executor. Letters testamentary were issued on February 20, 1926, and notice to claimants was posted by order of court as of that date. On February 15, 1926, appellant filed a claim, reading as follows:

"Clyde E. Brenton, plaintiff, claims of V. A. Neal, executor, of the estate of said decedent the sum of $2,331.58, and interest at the rate of 6 per cent from the 16th day of March, 1926, for money justly due the plaintiff by reason of a judgment entry signed by Judge G. D. Thompson in the case of Clyde E. Brenton v. N. Lewiston, *et al.,* on the 16th day of March, 1926, in the district court of Iowa in and for Boone County, by reason of a bond on which the said John D. Skiles was a surety, and now fully appears by the judgment entry hereto attached, marked Exhibit A, and made a part hereof. Wherefore plaintiff asks the allowance of said claim."

Attached to the claim was a copy of the judgment entry in said cause, showing a judgment against the Lewistons, E. I. Rundel, and John D. Skiles, in the sum of $2,331.58, with interest at 6 per cent, etc.

On September 5, 1929, the claimant filed an amendment to his claim, wherein he sets out a partial history of the Boone County case, and the bond filed therein to release the attached

property, and asks judgment for $2,860.27. An answer was filed by Neal, the executor, to both the original claim and the amendment. Rundel, the surety on the bond, was brought in, and he also filed answer, both answers raising the question that the amendment was filed long after the expiration of the year for filing claims, and that the amendment sets up a distinct and different cause of action from that contained in the original claim; and they say, therefore, that the claim set out in such amendment was filed too late, and cannot be considered by the court.

Of course, the original claim lost its foundation when the judgment was set aside by the Boone County court, the home court of the judgment, and if the claimant is entitled to recover here, it must be on the claim set out in his amendment, filed on September 5, 1929.

No claim is made by the appellant that there was an equitable excuse for not filing the claim set out in the amendment within the statutory time. We have left, therefore, the question of whether or not the amendment to the claim was germane to the original claim. This court has been quite liberal in the allowance of amendments to claims, so long as the amendment is merely an elaboration of the original claim filed. See *Baker v. Chittuck,* 4 G. Greene (Iowa) 480; *Wise v. Outtrim,* 139 Iowa 192; *Chariton Nat. Bank v. Whicher,* 163 Iowa 571; *Hankins v. Young,* 174 Iowa 383; *In re Estate of Howell,* 179 Iowa 969. But we have always limited this right of amendment by holding that the matters set out must be germane to the original claim filed, and that the cause of action embraced in the original statement is not changed. This seems to be the general rule. See 24 Corpus Juris 354.

The original claim, taken by its four corners, states an action bottomed wholly on the judgment entered in the district court of Boone County, Iowa; and the amendment, taken by its four corners, states a cause of action bottomed on an indemnity bond. It is apparent, therefore, on the face of it, that the two causes of action are wholly different; and, under the general rule recognized here, as elsewhere, the cause of action stated in the amendment is not an elaboration of the cause of action stated in the original claim filed. The amendment having been filed long after the time provided in the statute for filing

of claims, and setting up a distinct and different cause of action from that set out in the original claim, it cannot, as against the statutory limitation, be allowed to stand as a claim properly filed against said estate. The district court reached this conclusion, and from its ruling we do not care to depart.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.