S. E. PAGE, Appellee, v. KOSS CONSTRUCTION COMPANY et al., Appellants.

No. 42432.

NOVEMBER 20, 1934.

REHEARING DENIED JUNE 21, 1935.

Miller, Miller & Miller and E. K. Jones, for appellants.

O. M. Slaymaker and R. E. Killmar, for appellee.

MITCHELL, C. J.—This is a law action for damages for personal injuries sustained by S. E. Page on May 21, 1929, when the car in which he was riding was run into and wrecked by a Model A Ford truck, driven by one J. W. Kruckenberg. This is the second appeal in this case. In the first opinion, Page v. Koss Const. Co., which is reported in 215 Iowa on page 1388, the facts covering the accident are fully set out. The facts in this case are the same, and the contracts which were also set out in the first opinion are the same contracts which were introduced as exhibits in this case.

When this case was first tried in the lower court, and when the first opinion was handed down by this court, the petition alleged the following:

"That on or about May 21, 1929, at a point about 2 miles south of Osceola, Iowa, on Federal Highway No. 65, this plaintiff was driving northward with Fred F. Curnes, in an automobile owned by the said Curnes, and as a guest of the said Curnes, when one of the employees of the said defendant, being named J. W. Kruckenberg, while hauling sand and gravel for the defendants and while in the discharge of his duties as an employee of the defendants pur-

posely and intentionally ran the truck he was driving into the automobile owned by the said Curnes and this plaintiff received serious, painful and permanent injuries."

After the case was reversed by this court, to wit: on April 20, 1933, the plaintiff filed an amendment to the petition as follows:

"Comes now plaintiff and for amendment to his petition heretofore filed, states:

"1st. That he withdraws from the third line from the bottom, on page one of said petition, the following words: 'of the employees of said defendants, being named.'

"2nd. That he withdraws from the last line on page one of said petition, the following: 'In the discharge of his duties as an employee of the defendant,' and that in place thereof he states and inserts the following: 'driving their truck with their consent.'"

So that the petition as amended would read as follows:

"When one J. W. Kruckenberg, while hauling sand and gravel for the defendants, and while driving their truck with their consent, purposely and intentionally ran the truck he was driving, into the automobile."

To this amended petition the appellant C. E. White filed his separate answer, and the appellants Koss Construction Company filed their separate answer. The answers of both appellants, while filed separately, contained the same defense, and count II of each answer is the same. After denying in count I each and every material allegation contained in plaintiff's petition, and specifically denying that the truck driven by Kruckenberg was owned by either C. E. White or the Koss Construction Company, both the appellants, White and Koss Construction Company, in count II of their answers, pleaded the following defense:

"Comes now the defendant C. E. White and for further answer to the plaintiff's petition as amended, and in complete bar thereof, states:

"That defendant C. E. White denies each and every material allegation contained in plaintiff's petition as amended, except such as are hereinafter expressly admitted.

"Defendant White admits that the plaintiff sustained some injuries on or about May 21, 1929, while riding in an automobile owned and driven by one Fred F. Curnes.

"Defendant White further states, that as shown by the record herein, the plaintiff's original petition was filed on September 17, 1929, and that the basis of recovery therein set forth and relied upon by the plaintiff was that the truck driver Kruckenberg was an *employe* of the defendants for whose negligence the defendants would be responsible under the common law. That the decision of the supreme court in this case [215 Iowa 1388, 245 N. W. 208] held that Kruckenberg was an independent contractor and not an employe of either of the defendants.

"That by the amendment to his petition filed on April 20, 1933, the plaintiff has stricken therefrom the allegations relative to Kruckenberg being an employe of the defendants and thereby withdrawn and removed from this case the issue of employment, and has substituted therefor the allegation that Kruckenberg was 'driving *their truck* with their consent.'

"That plaintiff's petition as. amended is pleading a new cause of action and a new basis of recovery so that another rule of law obtains. That said amendment to the petition has substituted the issue of *ownership* for the issue of employment, and substituted a new cause of action. That instead of liability being based upon the common law as set forth and relied upon by the plaintiff under his original petition, the petition as amended is now based solely upon the Iowa statute (section 5026) making the owner of an automobile liable for damages caused by the negligence of a third person driving the same with his consent. That the liability now claimed by plaintiff is solely statutory. That the cause of action based upon said statute is a different and separate cause of action from the one based upon the common law.

"That plaintiff's original petition shows that the alleged accident and resulting injuries occurred on May 21, 1929. That the first trial of this case was in November, 1931, more than 2½ years after plaintiff's alleged cause of action arose, and the amendment to plaintiff's petition was filed on April 20, 1933, nearly four years after. That consequently plaintiff's petition as amended shows upon its face that the alleged cause of action thereby set up and relied upon has long since been barred by the statute of limitations."

The case proceeded to trial. Evidence was offered, and at the close of the evidence the appellants moved the court to direct a verdict, alleging among other grounds that the record herein shows without dispute that appellee was seeking to recover for personal injuries and damages claimed to have been incurred on or about May 20 or 21, 1929. That the first trial of this cause occurred in November, 1931, more than two years thereafter. That the petition of the appellee, upon which said first trial was had, alleged the driver, Kruckenberg, was an employee of the appellants, and the sole basis of any claim of liability thereunder was that the appellants and each of them were liable for the alleged negligence of their alleged employees. That the supreme court of Iowa, in 215 Iowa 1388, 245 N. W. 208, has held the driver Kruckenberg was not an employee of the appellants, or either of them, but that he was an independent contractor under the identical contracts introduced in evidence by the appellee here, which also had been introduced in evidence and had been relied upon by the appellee in the appeal after the first trial of this case. That since said holding by the supreme court of Iowa, and on April 20, 1933, the appellee has filed an amendment to his petition, striking therefrom the allegations relative to Kruckenberg being an employee, and removing therefrom the issue of employment as the basis of alleged liability, and in lieu thereof the appellee has inserted and for the first time pleaded that the appellants owned the truck driven by Kruckenberg and that he was driving it with their consent. That the only basis of alleged liability involved in this present trial is the appellee's claim that the appellants owned said truck and that it was being driven with their consent. That appellee's petition as amended as aforesaid is pleading a new cause of action, and a new basis of recovery, so that another rule of law obtains. That by said amendment to the petition, and the substitution of the issue of ownership for the issue of employment, the appellee has substituted a new alleged cause of action, and instead of liability being based on the common law as set forth and relied upon by the appellee under his original petition, the petition as amended is now based solely upon the Iowa statute, section 5026, making the owner of an automobile liable for damages caused by the negligence of a third person driving the same with his consent. That the liability now claimed by the appellee is solely statutory. That the cause of action based upon said statute is a different and separate cause of action than the one based upon the

common law. That the new and statutory cause of action now relied upon by the plaintiff, presenting the issue of ownership, was never pleaded nor raised by the appellee within the period of two years from and after the accrual of his alleged cause of action, and that in consequence thereof the same is now barred by the statute of limitations, and the appellee has no right to recover against these appellants.

The lower court overruled the motion to direct a verdict, and the case was submitted to the jury; a verdict being returned in a substantial amount for the appellee. And from the judgment entered in the lower court, C. E. White and the Koss Construction Company have appealed to this court.

The case is a peculiar one. It is an automobile collision case, and yet the question of negligence is not involved in this case. The appellants relied upon but three assignments of error, for reversal. We will take up first the claim of the appellants that the lower court erred in refusing to hold as a matter of law that the appellee's alleged cause of action was barred by the statute of limitations.

The accident involved in this case occurred on May 21, 1929. The petition of the appellee was filed on September 17, 1929. In the petition the appellee alleged that Kruckenberg at the time of the accident was hauling sand and gravel for the appellants while in the discharge of his duties as an employee of the appellants. The first trial of this cause was had some time in November, 1931, and the jury returned a verdict in favor of the appellee and against both of the appellants. Judgment was duly entered, and from said judgment both appellants appealed to the supreme court of Iowa. On November 15, 1932, the supreme court of Iowa filed its opinion and decision, reversing the aforesaid judgment, and shortly thereafter the appellee's petition for rehearing was denied. In the opinion this court set out in full the contracts which appeared in the record in the cause at bar, as Exhibits B-1 and C-1, and as the contracts are the same ones, they will not be set out again in this opinion. In that opinion this court held that Kruckenberg was not an employee of either of the appellants, and the trial court erred in refusing to sustain the motion for directed verdict upon said ground.

On or about April 20, 1933, appellee filed an amendment to his petition, withdrawing the former allegation that Kruckenberg was an employee of the appellants, and alleging in lieu thereof that Kruckenberg was operating a truck owned by the appellants, with

their consent. After the filing of this amendment by the appellee, both of the appellants filed separate answers in which, after specifically denying each and every material allegation, they pleaded as a defense the statute of limitations as set out above in this opinion.

This court has time and again laid down the rule that if an amendment pleads a new and independent cause of action, and the period of limitation has intervened, the cause of action alleged in the amendment is barred by the statute of limitations. The difficulty is not found in the statement of the rule, but in the application of the rule.

In the case of Pease v. Citizens State Bank, 210 Iowa 331, at page 340, 228 N. W. 83, this court said:

" * * * If the amendment pleaded a new cause of action, the same was barred by the statute of limitations. The rule is well established that, if the amendment pleads a new and independent cause of action, it is to be treated as the commencement of a new suit, and, if the period of limitation has intervened, the amendment is subject to demurrer. If, however, the amendment merely amplifies and enlarges the cause of action originally pleaded, it will be upheld notwithstanding the statute of limitations.' The cases are collected in Plantz v. Kreutzer & Wasem, 192 Iowa 333, 183 N. W. 341. See, also, Emeny v. Farmers Elev. Co., 194 Iowa 282, 189 N. W. 720.

"The original cause of action was predicated solely on the alleged negligence of the appellant, as agent of the appellee, in making improvident loans. The defense was that the appellant was not appellee's agent, but that the man Hill acted for appellee individually in all of said transactions. It is true the original petition and the amended and substituted petition alleged that the appellant 'carelessly, negligently and *fraudulently*' loaned appellee's funds. Appellee then specified the facts as to the particular loan, and alleged that it was utterly worthless, and that appellant and its officers then and there well knew, or by the exercise of ordinary care and diligence might, at the time of making said loan, have known, said facts. We think it cannot be successfully maintained that appellee's action was grounded on anything except negligence. It was a straight suit for damages against an alleged agent for negligence in the conduct of the principal's business. The manner in which the agent acted negligently is specified and set forth. True, there was a 'voluntary issue' which was discussed on the former appeal, but it has no relation to the question involved at this point.

We think it cannot be gainsaid that the amendment to the amended and substituted petition pleads a cause of action predicated upon alleged fraudulent misapplication and appropriation of appellee's funds by appellant. Negligence in handling a principal's funds by an agent furnishes a cause of action. Fraudulent misappropriation of a principal's funds for the agent's own use and benefit furnishes quite another and different cause of action."

Again, in the case of In re Estate of Skiles, 210 Iowa 935, at page 937, 229 N. W. 235, it is said:

"The original claim, taken by its four corners, states an action bottomed wholly on the judgment entered in the district court of Boone county, Iowa; and the amendment, taken by its four corners, states a cause of action bottomed on an indemnity bond. It is apparent, therefore, on the face of it, that the two causes of action are wholly different, and, under the general rule recognized here as elsewhere, the cause of action stated in the amendment is not an elaboration of the cause of action stated in the original claim filed. The amendment having been filed long after the time provided in the statute for filing of claims, and setting up a distinct and different cause of action from that set out in the original claim, it cannot, as against the statutory limitation, be allowed to stand as a claim properly filed against said estate. The district court reached this conclusion, and from its ruling we do not care to depart.—Affirmed."

And so, applying the rule as laid down by this court, to the case at bar, the question is: "Does the amendment filed by the appellee plead a new cause of action?" If the amendment pleads a new and independent cause of action, it is to be treated as the commencement of a new suit, and, it having been filed more than two years after the accident, it would be barred by the statute of limitations.

In the original petition the appellee alleged the fact to be that Kruckenberg was the employee of the appellants, and upon trial appellee relied upon the contracts, Exhibits B-1 and C-1, to establish this fact. This court, in its opinion, decided that Kruckenberg was not an employee of the appellants, and upon the retrial of this case, after the reversal by this court and after the statute of limitations had long since expired, appellee filed an amendment to his petition, withdrawing the allegation of fact that Kruckenberg was an employee of appellants and inserting in lieu thereof the allegation of

fact that appellants were the owners of the truck operated by Kruckenberg and the fact that Kruckenberg was operating the truck with the consent of the appellants. In other words, in the second trial, after the amendment was filed, the appellee was seeking to recover under section 5026 of the Code.

In considering section 5026 of the Code, this court, in the case of Maine v. James Maine & Sons Co., 198 Iowa 1278, at page 1282, 201 N. W. 20, 37 A. L. R. 161, said:

"It is urged that the appellant is liable under section 12 of chapter 275, Acts Thirty-eighth General Assembly (section 5026, Code of 1924), providing that in all cases where damage is done by a car driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage. This statute merely says that the owner of the car shall be liable for the negligence of one who is using the car with his consent. It is a statutory recognition of the present-day frequent use of motor vehicles by others than the owner, where no such relation exists between owner and driver as, under the common law, will create a liability on the part of the owner for the negligence of the driver. The statute defines a new relation or situation of the parties, where a liability on the part of one for the negligence of the other shall exist. It, in effect, makes the one who uses an automobile with the consent of the owner the agent of the latter. It may be said to be a statutory extension of the doctrine of respondeat superior to a relation to which, under the common law, it did not apply or to create a liability on the part of one for the negligent act of the other analogous to that expressed in that phrase. The statutory liability depends upon two things: The consent of the owner to the use of the car by the driver; and the negligence of the driver. As the principal or employer is not liable for every tortious or negligent act of one who is his agent or employee, but only for those committed while the latter is engaged in the employment or agency, so it has been held under the statute that, where the owner has consented to a particular use of his car, the negligence of the driver, while using the car for some purpose of his own, and beyond or outside the terms of the consent given, will not render the owner liable."

And again, in the case of Tigue Sales Company v. Reliance Motor Company, 207 Iowa 567, at page 573, 221 N. W. 514, this court said:

"Respecting section 5026, Code 1924, it may be said that a new relationship between an owner and the driver of an automobile was created. This statute fixes the liability of an owner for the negligence of a person driving the car with his consent. Seleine v. Wisner, 200 Iowa 1389, 206 N. W. 130. By this statute the doctrine of respondeat superior has been given a broader scope, and under this statute it was not necessary that the instant plaintiff establish the fact that the driver Swearingen was in the employ of the defendant or was its agent or in the transaction of its business. It was essential to establish, by a preponderance of the evidence, that the Hupmobile was operated in a negligent manner, as alleged, and that the damage sustained by the plaintiff was the direct and proximate result of such negligence. The trial court so instructed. It was also essential that the plaintiff establish, by a preponderance of the evidence, that the Reliance Motor Company was the owner of the Hupmobile which caused the damage, and that the motor company· had given its consent at the time in question for it to be operated by the driver Swearingen."

It thus appears from the cases cited that section 5026 of the Code created a new statutory liability which did not exist under the common law. Prior to the amendment being filed in this case, the appellee's petition alleged a cause of action based upon a common-law liability: that the employer is liable for the acts of his employee while said employee is acting in the scope of his employment. In the amendment to his petition, appellee withdrew this cause of action and substituted in lieu thereof a new and different cause of action, based upon section 5026 of the Code, to wit, a statutory liability. But the appellee argues with a great deal of force that this court has time and again held that amendments are to be allowed with great liberality if the substantial cause of action is not changed, citing Cahill v. Railroad Company, 137 Iowa 577, 115 N. W. 216, and Gordon v. Railroad Company, 129 Iowa 747, 106 N. W. 177. With this rule we find no fault, and we are still of the opinion that amendments should be allowed, if the new matter pleaded does not state a new cause of action, but merely amplifies the charge made in the prior pleading.

The appellee also argues that this case is governed by the rule laid down by this court in Basham v. Chicago Great Western Railroad Company, 178 Iowa 998, 154 N. W. 1019, 157 N. W. 192. In the Basham case, supra, this court said (page 1019):

"We are of the opinion that the statute of limitations affords no defense in this case. The suit was originally brought and has ever since been maintained by the administrator, who is the proper person to prosecute it, whether it be maintainable under the law of the state or under the Federal Employers' Liability Act. The cause of action in either case is the death of Spellman, occasioned by the alleged negligence of the defendant. In other words, whether the action be brought in one form or the other, it is by the same party, against the same party, in the same court, for damages for the same alleged wrong; the sole distinction being in the measure of damages to be recovered and the person or beneficiary to whom the plaintiff must account for damages, if any, which he collects."

Thus, it will be noted that in the Basham case this court said that the amendment did not in any way change the cause of action. The sole distinction between the original petition and the amendment in that case was the question of the measure of damages and the person to whom the plaintiff must account for the damages. But in the case at bar the cause of action alleged in appellee's petition is entirely different from the cause of action alleged in appellee's amendment. The petition is based upon the rule of common law that a principal is liable for the acts of his agent while the agent is engaged in the course of his employment, whereas the cause of action alleged in appellee's amendment is based upon a statutory liability found in section 5026 of the Code. It is important to bear in mind that this is not a case between the appellee and Kruckenberg but a case between appellee and appellants. Whether or not Kruckenberg was negligent is wholly immaterial unless that negligence can be charged against the appellants. In an action to recover damages the cause of action is not on the one hand the damage suffered by plaintiff, nor on the other hand the mere evidentiary facts showing defendant's wrong; but it is the wrong itself done by defendant to plaintiff, that is the breach of duty by the defendant to the plaintiff, whether it is a duty arising out of a contract or of tort. Thus, in order to charge the negligence of Kruckenberg against the appellants, it is necessary that there exist a duty on the part of the ap-

pellants to protect the appellee from the negligence of Kruckenberg. Whether or not the appellee has alleged actionable negligence depends upon the question of whether or not the appellee has alleged the existence of a duty on the part of the appellants to protect the appellee from the negligence of Kruckenberg. Whether or not a duty existed depends upon the relationship between Kruckenberg and the appellants. In the original petition and in the amendment, appellee alleged the existence of a relationship between Kruckenberg and the appellants. The case at this point resolves itself into the question as to whether or not the appellee in his petition and in his amendment alleged the existence of the same relationship between Kruckenberg and the appellants.

In his original petition appellee alleged the existence of a duty on the part of appellants to protect the appellee from the negligence of Kruckenberg arising out of the common-law rule of respondeat superior that every man who prefers to manage his affairs through employees is bound to so manage them that third persons are not injured by any breach of legal duty on the part of such employees, while so engaged upon his business and in the scope of their authority.

In his amendment, appellee alleged the existence of a duty upon the part of appellants to protect the appellee from the negligence of Kruckenberg arising out of the statutory duty imposed by section 5026, Iowa Code of 1927, that every man who chooses to permit another to drive his car is in duty bound to so control and so direct his choice of who shall drive his car as to protect third persons from injury caused by negligence of the driver. In the original petition appellee pleaded a duty arising out of the relationship of employee and employer, and founded upon a rule of the common law. In the amendment, appellee pleaded a duty arising out of the relation between the owner of a car and a person driving the same with the owner's consent and founded upon a statutory enactment.

Clearly, we think the amendment, which the appellee filed after the period had expired under the statute of limitation, pleaded a new cause of action, and being filed after the period had run was barred. The motion of the appellants to direct a verdict should have been sustained, and the lower court erred in failing to do so.

The appellee has filed a motion to dismiss the appeal. The motion to dismiss was submitted with the case. Careful consideration was given to same, and the motion to dismiss is overruled.

For reasons above set out, this case must be, and it is hereby, reversed.

Albert, Stevens, Claussen, Anderson, Kindig, Kintzinger, and Donegan, JJ., concur.