SARAH McCORNACK, Appellant, v. C. B. PICKRELL, now
RUSSELL WEIDNER, Executor, Appellee.

No. 45281.

NOVEMBER 19, 1940.

Gibson, Stewart & Garrett, Thos. E. Mullen, and Anderson
& Werner, for appellee.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker,
for appellant.

HALE, J.—This is the second appeal in this case. Opinion
on first appeal is found in 225 Iowa 1076, 283 N. W. 899. In
that opinion the facts are fully set out and need not be repeated
here. The case having been reversed, it was redocketed in the

district court and plaintiff amended her petition by adding Count II, in which she set up a claim of recklessness. Demurrer to Count II was sustained, from which ruling plaintiff appeals.

The collision complained of occurred September 7, 1935. Petition was filed July 12, 1937, and later amended by alleging additional ground of negligence. Answer by way of general denial was filed, and on trial verdict was rendered for plaintiff on October 26, 1937. Appeal to this court resulted in reversal. And on March 30, 1939, was filed Count II in which are set out the same grounds as in the original amended petition. These grounds are denominated in the original amended petition "The foregoing ground of negligence," and in Count II, the amendment filed on March 30, 1939, they are called "The above and foregoing act of recklessness." Defendant's demurrer, claiming that the action was barred by the statute of limitations, was sustained by the court and plaintiff elected to stand, judgment was rendered and plaintiff appeals. In ruling on the demurrer the trial court stated: "* * * this petition when it was originally filed was clearly based upon the claim of negligence. That is the theory on which the original case was tried, the theory on which it was submitted and the theory that the court acted upon in the trial of the first case, and it is the theory that the Supreme Court had, that the only charge made in the original petition was that of negligence. The amendment states a cause of action, based upon the charge of recklessness, and being filed more than two years after the accrual of the cause of action the court believes that the demurrer * * * should be sustained * * *."

This court so held as to the theory on which it was tried in the original case. See McCornack v. Pickrell, supra, (225 Iowa 1076, at pages 1079, 1083, 1084, 283 N. W. 899, at pages 900, 902, 903.)

Plaintiff's contention is that the original petition was broad enough to charge negligence and recklessness, and that the amendment, Count II, did not allege a new cause of action but only realleged one that had been already included in the original petition. Plaintiff in support of this claim cites various rules supported by authority, none of which, insofar as this

case is concerned, need be controverted; as that recovery, if the pleading, even in one count not assailed, so warrants, may be had on any of the theories supported by the evidence; that recovery depends upon what is alleged and proven; that our system of pleading is a fact system and that plaintiff may recover on as many grounds of actionable negligence or recklessness as flow from his pleaded statements of fact. But plaintiff, by separate counts or in any other manner, in the first trial, did not undertake to claim or establish recklessness, but only negligence, and the district court and this court so held.

In the portions of the opinion cited above, 225 Iowa 1076, 1079, 283 N. W. 899, 900, we said: "The allegations of the petition allege negligence on the part of the defendant's driver but do not make any claim under the guest statute. * * * It may be said here that the instructions of the court were based solely on grounds of negligence, as will be shown hereafter, and the action throughout, both in the pleadings and in the instructions, was confined to the question of negligence." We held that plaintiff was a guest, and in 225 Iowa 1076, at page 1083, 283 N. W. 899, at page 902, said: "* * * and this being true the defendant could not have been held liable for mere negligence, and the motion for a directed verdict should have been sustained." Again, in 225 Iowa 1076, at page 1084, 283 N. W. 899, at page 903, we said: "* * * and the additional fact that there was nowhere presented to the jury, either in the pleadings or the instructions, the question of defendant's liability for recklessness rather than negligence, we are forced to hold that the plaintiff would not be entitled to recover." There can be no question upon what theory the case originally was tried. Plaintiff herself states that recovery depends upon what is alleged and proven, not upon the name which counsel may see fit to give his action, and cites authority. But may counsel try a case upon one theory, making no claim upon any other, and thereafter, by repleading the facts, set up another and distinct theory and, by merely changing the designation of the nature of such facts, claim the right to retrial?

A claim of recovery for recklessness involves a different

basis than one for negligence. It is true, as plaintiff asserts, that recklessness includes negligence but it involves more. The liability is different, the basis of recovery is different, and the legal relationship is different. Redfern v. Redfern, 212 Iowa 454, 458, 236 N. W. 399, 400; Manley v. Paysen, 215 Iowa 146, 148, 244 N. W. 863, 864, 84 A. L. R. 1330. Recklessness is a different term than negligence and includes more. Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46. The liability of the defendant in a case such as the case at bar is a liability under the statute, section 5026, Code of 1935 (now section 5037.09, Code of 1939), which declares the owner liable where the car is used with the owner's consent, but not limiting or changing the common-law right to recover damages, except as to the person liable. But where recovery is sought on the theory of the host-guest relationship it must be under the provisions of the guest statute, section 5026-b1, Code of 1935 (now section 5037.10, Code of 1939), granting recovery only in case of recklessness, or when the injury is a result of the driver's use of intoxicating liquor.

The claim made by plaintiff as to count No. II, that it is an amplification of the original cause of action and not a new and independent cause, can be sustained only by showing the same legal relationship between the parties as was determined in the first trial. That trial proceeded upon the theory that plaintiff was a passenger for hire. To recover under plaintiff's present theory a different legal relationship is required—that of host and guest. But in the case of Page v. Koss Const. Co., 219 Iowa 1017, 257 N. W. 426, suit was originally commenced on the theory that the driver of the truck, which collided with the car in which plaintiff was riding, was an employee of defendant. After reversal of a judgment in plaintiff's favor (Page v. Koss Const. Co., 215 Iowa 1388, 245 N. W. 208), plaintiff amended his petition more than two years after the cause of action arose by alleging a different relationship between the driver of the truck and defendant, that is, that the truck was driven by consent of the defendant. The court held that the amendment alleged a different relationship between the parties, and was a new cause of action, and therefore was barred. This case cites and is supported by Pease v. Citizens State Bank,

210 Iowa 331, 228 N. W. 83. In the Pease case the original cause of action was predicated on the alleged negligence of defendant as agent of plaintiff, and the amendment pleaded fraudulent misapplication of plaintiff's funds by defendant as agent, and it was there held that they were separate and distinct causes of action and the amendment was filed too late. See, also, In re Estate of Skiles, 210 Iowa 935, 229 N. W. 235; Van de Haar v. Van Domseler, 56 Iowa 671, 10 N. W. 227; Cornick v. Weir, 212 Iowa 715, 237 N. W. 245, and cases cited.

Our decisions have followed the rule laid down in the Page and Pease cases. The Van de Haar case held that the charge of rape was barred when the original claim was for seduction; in the Cornick case the change was from duty of a director of the bank to know of conversion to that of participation therein; and, in the Page case, from an averment of a common-law liability of a principal to the statutory liability of a third person. Cases permitting amendment after the statute has run have been to permit the insertion of allegations inadvertently omitted, and those which amplify and are germane to the grounds previously stated. But the rule appears settled in this state that an amendment is not allowable which changes the basis of recovery from one legal theory to another, from common-law liability to statutory liability, or from liability under one statute to liability under another under the same pleaded facts.

We have examined the arguments of the parties and the authorities therein cited, but find no authorization or reason to depart from the rule laid down by our previous decisions. We are satisfied and hold that the claim under the guest statute, now made by plaintiff, is barred by the statute of limitations. Any other result, under circumstances such as in this case, would authorize the trial of cases in piecemeal, with undue prolonging of litigation.

Our conclusion is that the ruling of the court on the demurrer was correct, and the cause is affirmed.—Affirmed.

RICHARDS, C. J., and all JUSTICES concur.