Andrew P. SWARTZ and Betty Jane Swartz, Appellants,

v.

Ella F. BLY, Executor of the Estate of Leo F. Bly, Deceased, Appellee.

No. 53978.

Supreme Court of Iowa.

Feb. 9, 1971.

Klauer, Stapleton, Ernst, Sprengelmeyer
& Schrup, Dubuque, for appellants.

Gary K. Norby and O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for appellee.

MASON, Justice.

Plaintiffs appeal from the trial court's judgment dismissing their action after hearing on the merits.

Events leading to the commencement of this action began in April 1957 when Andrew P. Swartz and his wife Betty Jane purchased an unimproved lot in Dubuque county for a homesite and immediately started construction. After their funds were exhausted by payment of costs of preliminary improvements and they were unable to obtain conventional financing to complete their home, plaintiffs entered into an oral agreement with Leo F. Bly to finance some of the remaining costs of construction. As we understand, Bly was to furnish materials and pay part of the costs of labor. Swartz was to do the inside finishing work and complete the structure. September 11, 1957 Swartz and his wife deeded the property to Bly, doing business as Leo F. Bly Co., as security for the advancements to be made. Plaintiffs orally agreed to repay these amounts at the rate of $100 a month. It was understood between the plaintiffs and Bly that upon repayment the property would be reconveyed to plaintiffs. No money was paid by Bly at the time of conveyance.

Pursuant to their oral agreement plaintiffs paid Bly $100 per month until Mr. Swartz became unemployed. It was then agreed Bly would accept weekly payments of $20 during 1960. Plaintiffs made no payments after June 1961.

September 28, 1962 Bly served a three-day notice to quit on plaintiffs for failure to make agreed payments. He then instituted a forcible entry and detainer action in justice court. At the hearing, the justice of the peace determined a title question was involved and certified the matter to the Dubuque district court. February 6, 1963 the district court entered a decree approved by plaintiffs' counsel removing them from possession of the real estate and putting Bly in possession. It was apparently agreed execution would be deferred until April 1, 1963.

At the present trial it was stipulated that as of April 1, after allowance of payments made by plaintiffs plus credits for materials returned, they were indebted to Bly in the sum of $8923.12.

August 5, 1963 Bly and his wife conveyed the property to Paul and Mary Ann Stanley for $12,900 which the parties stipulate is the fair market value of the premises.

September 19, 1963 plaintiff commenced an action on open account against Leo F. Bly for labor performed and material furnished at his specific instance and request. As indicated by the bill of particulars attached, plaintiffs seek to recover the original cost of the unimproved lot, the amounts expended for preliminary improvements before the deed to Bly, costs of material and labor necessary for furnishing the dwelling after the deed as well as the fair and reasonable value of labor performed by Mr. Swartz. These items totaled $5475.33. The following October defendant's motion for more specific statement was sustained and on August 18, 1965 plaintiffs complied with the ruling.

In the meantime, Mr. Bly died April 15, 1965 and an executor was appointed for his estate May 21 and notice of her appointment was published May 27 and June 3. The period of limitations for filing claims would normally expire December 3, 1965.

During 1965 and 1966 there were changes of attorneys representing the parties to the original action.

August 22, 1966 defendant in answer generally denied the allegations of the petition and affirmatively alleged no notice of substitution as required by section 633.415 Iowa Code, 1966, had been served on the executor and time for filing claims under section 633.410 had expired thus plaintiffs' claim, if

any, was barred by the statute of limitations.

Section 633.410 provides:

"Limitation on filing claims against decedent's estate. All claims against a decedent's estate, other than charges, whether due or to become due, absolute or contingent, liquidated or unliquidated founded on contract or otherwies, shall be forever barred against the estate, the personal representative, and the distributees of the estate, unless filed with the clerk within six months after the date of the second publication of the notice to creditors; provided, however, that the personal representative may waive such limitation on filing; and this provision shall not bar claimants entitled to equitable relief due to peculiar circumstances."

Section 633.415 provides in part:

"Commencement or continuance of separate action. Any action pending against the decedent at the time of his death that survives, shall also be considered a claim filed against the estate if notice of substitution is served upon the personal representative as defendant within the time provided for filing claims in section 633.410. A copy of the proof of service of notice of such proceedings shall be filed in the probate proceedings but shall not be jurisdictional.

"A separate action based on a debt or other liability of the decedent may be commenced against a personal representative of the decedent in lieu of filing a claim in the estate. Such an action shall be commenced by serving an original notice on the personal representative within the time provided for filing claims in section 633.410 and such action shall also be considered a claim filed against the estate. * * *."

Defendant moved for separate adjudication of law points. Rule 105, Rules of Civil Procedure. Following the court's ruling that the action was barred under sections 633.410 and 633.415 but reserving right to apply for equitable relief by plaintiffs, they filed a motion for relief from application of

section 633.410 and for authority to file their claim in the Bly estate. The motion was granted and notice of substitution was served on the executor January 7, 1967. The executor answered denying the claim and gave notice of disallowance.

April 11, 1969 plaintiffs with leave of court filed an amended and substituted petition in three divisions against the Bly estate. Two divisions are based on plaintiffs' claim for the labor and materials specified in the bill of particulars filed in the September 1963 action. In division 1 they rely on an express contract and in division 2, on an implied contract. In division 3 plaintiffs allege the warranty deed given Bly was intended as a mortgage and plaintiffs were entitled to the difference between their debt to Bly and the amount realized from a sale of the property under the theory of equitable mortgage.

The trial court concluded plaintiffs had failed to establish a right to recover under either division 1 or 2 of their petition.

The court further determined the forcible entry and detainer action brought by Bly was conclusive as to the right to possession of the property involved; that the equitable mortgage action instituted April 11, 1969 was barred by the statute of limitations and plaintiffs' right to recover thereunder was waived.

Plaintiffs assert the trial court erred (1) in denying recovery under the theory of equitable mortgage as pleaded in division 3 of the amended and substituted petition and (2) in denying recovery on the basis of an implied contract alleged in division 2. No appeal is taken from the court's dismissal of division 1.

I. Plaintiffs contend in support of the first proposition the deed given by them to defendant's decedent was to be security for materials and labor to be furnished by Bly for completion of their home with the understanding that the premises were to be reconveyed when the indebtedness was paid in full.

They argue that the decree in the forcible entry and detainer action merely gave Bly possession of the property, did not perfect title in him and plaintiffs' interest was not expunged or the mortgagor-mortgagee relationship destroyed.

Plaintiffs insist that since their action asserted in division 3 was instituted within the 10-year period provided by Code, section 614.1(6), for recovery of an interest in real estate, they should have been granted recovery. They concede that the property having been sold to Stanley, a good faith purchaser, they could not actually redeem the real estate but had to content themselves with recovery of the difference between the sale price and the indebtedness owed Bly.

Defendant on the other hand maintains in support of the trial court's ruling plaintiffs' cause of action pleaded in division 3 of their amended and substituted petition is barred by the statute of limitations for two separate and distinct reasons. First, the action is barred by reason of the statute of limitations for filing claims in the Leo F. Bly estate under section 633.410 set out, supra. Secondly, at the time of the filing of plaintiffs' amended and substituted petition on April 11, 1969, Bly's cause of action against them for materials furnished on open account was barred by the statute of limitations, hence any remedy which plaintiffs may have had against Bly for an accounting or for redemption was also barred.

We thus inquire when plaintiffs' equitable mortgage cause of action was commenced for purposes of the statute of limitations for filing claims in probate.

■ Our decisions permitting amendment after the statute of limitations has run have been to permit insertion of allegations inadvertently omitted, of a claim for additional damages arising from the tort relied on in the original pleading and those which otherwise amplify and are germane to the grounds previously stated. Cornick v. Weir, 212 Iowa 715, 721, 237 N.W. 245, 247; Page v. Koss Construction Co., 219 Iowa 1017, 1023, 257 N.W. 426, 429; McCornack v. Pickrell, 229 Iowa 457, 461, 294 N.W. 746, 748; Rosin v. Northwestern States P. Cem. Co., 252 Iowa 564, 569, 107 N.W.2d 559, 562; Shepherd v. McGinnis, 257 Iowa 35, 50, 131 N.W.2d 475, 483 and authorities cited in these opinions. But amendment to the pleadings which sets forth a new and distinct cause of action based on a wholly different legal theory of liability or obligation does not relate back to date of original pleading and date of filing amendment is regarded as date of commencement of action and if bar of statute of limitations or bar to the right to maintain new cause of action has intervened, new cause of action cannot be maintained. See authorities cited above.

■ The fact the court permitted amendment to the September 1963 action does not deprive defendant of the defense of the statute of limitations against the cause of action asserted in division 3 for the first time on April 11, 1969. See Bairstow v. Phillip State Bank & Trust Co., 331 Ill.App. 187, 72 N.E.2d 871, 873 in support of this proposition.

As pointed out, the original action on open account was commenced September 19, 1963 but their equitable mortgage theory was not pleaded until April 11, 1969 when they filed an amended and substituted petition.

The original action on account was at law. In divisions 1 and 2 of the amendment plaintiffs alleged Bly was the owner of the premises involved and was obligated to pay for such labor and materials as plaintiffs furnished in improving these premises at his instance and request. Whereas, division 3 is an equitable proceeding in which plaintiffs' right to recover was based on an alleged equitable mortgage between them and Bly which coincided with his furnishing of materials to plaintiffs.

The respective theories of recovery were mutually exclusive in that evidence in support of one based on open account would certainly not have supported recovery under the theory of equitable mortgage and further, the same measure of recovery was not applicable to both divisions.

Plaintiffs' action based on the theory of equitable mortgage was commenced April 11, 1969.

II. In view of this determination we must decide whether plaintiffs' action set forth in division 3 was barred by the statute of limitations.

The trial court concluded the deed given Bly was a security instrument but should not be converted into an equitable mortgage. Even if we were to assume arguendo that the deed given by plaintiffs was an equitable mortgage, it would not aid plaintiffs here in our de novo review of the cause of action asserted in division 3. Rule 334, R.C.P.

"This state is committed to the rule that when the remedy on a debt is barred by the statute of limitations, the remedy on the mortgage given to secure the same is also barred. * * * [citing authorities]." Anderson v. Anderson, 234 Iowa 277, 284, 12 N.W.2d 571, 575.

The debt owed by plaintiffs for labor and material was based on open account and was not evidenced in any way by a promissory note or other written agreement between the parties. Their arrangements were on a strictly oral basis without plaintiffs binding themselves in any way to pay Bly the amount owing.

In addition to the amount owing by plaintiffs to Bly on open account as of April 1, 1963, it was stipulated that no further materials or labor were furnished to plaintiffs after that date. As indicated, the last payment on the account was June 1, 1961. Limitations statute on continuous open current account begins to run from the last item which may be either on the debit or credit side. Ritter v. Schultz, 211 Iowa 106, 107, 232 N.W. 830 and Griffith v. Portlock, 233 Iowa 492, 498, 7 N.W.2d 199, 202.

Code section 614.1(4) in effect at the time material here provides a five-year limitation for bringing actions upon account.

In Volding v. Goepel, 203 Iowa 540, 543–544, 211 N.W. 482, 483 this court said:

"* * * It is the settled rule, in such a case, that the statute of limitations will not fully run in favor of the grantee in a deed given for security, until it has fully run on the debt in favor of the grantor-debtor. When the statute has fully run in favor of the debtor so that his creditor cannot maintain an action against him for the recovery of the debt, then it has run reciprocally in favor of the creditor, as against any suit for accounting or for redemption. * * * [citing authorities]

"'The right to foreclose and the right to redeem must, of necessity, be reciprocal, and, where the one is barred, the other must also be. There may, of course, be exceptions to this rule, but they are not present in the instant case.'"

Returning to Anderson v. Anderson, 234 Iowa at 282–285, 12 N.W. at 574–575 we find:

"Although it is the rule in some jurisdictions that the statute of limitations does not apply eo nomine to suits in equity 'in this State our statute, ex vigore suo, operates in both courts alike, and not in equity by the mere discretion or courtesy of the chancellor.' * * * [citing authorities] Lawrence v. Melvin, 202 Iowa 866, 870, 211 N.W. 410, 413, states:

"'Except in certain familiar instances, the statute of limitations is applicable to actions in equity, as well as at law.'

"* * *.

"It is our conclusion that the better rule and the one more nearly in accord with

our prior holdings is that the limitation period applicable to the legal remedy likewise applies to the equitable remedy."

This court reannounced this principle of law in In re Trust of Lunt, 237 Iowa 1097, 1101, 24 N.W.2d 467, 469 and Sinclair v. Allender, 238 Iowa 212, 228, 26 N.W.2d 320, 329.

Any cause of action Bly may have had against plaintiffs for material and labor furnished was barred no later than April 1968. In other words, Bly could not enforce the collection of the debt after that date nor foreclose his security because of the running of the statute of limitations.

The important question than arises whether plaintiffs' suit to redeem and for an accounting is barred by the statute of limitations.

As pointed out, plaintiffs concede they have no right of redemption in view of Bly's sale to Stanley. Actually, their action is for an accounting for the difference between the sale price and their debt to Bly. Swartzs' first demand for an accounting under the theory of pleading employed in division 3 was made April 11, 1969 so far as the record discloses.

Under the principle stated in Volding v. Goepel, 203 Iowa at 543–544, 211 N.W. at 483 plaintiffs' cause of action · for an accounting was barred by the statute of limitations when commenced. This is so under section 614.1(4) and under the limitations for filing claims in probate specified in sections 633.410 and 633.415.

Plaintiffs' contention they established a cause of action for recovery of real property and are therefore entitled to the provisions of section 614.1(5), a 10-year statute of limitations, is without merit.

■ III. Defendant urges this statement from 59 C.J.S. Mortgages § 59 b supports the trial court's finding plaintiffs' right of redemption had been lost or waived:

"A party who has the right to treat a deed absolute on its face as a mortgage and to redeem from it must be reasonably prompt in asserting such right; very long delay, amounting to laches on his part, may defeat his right to have the deed declared to be a mortgage and his right of redemption, especially if interests of third persons have intervened, or if the grantee has been allowed to deal with the property in such manner that a redemption would seriously prejudice him, and one conclusively chargeable with full knowledge of his rights will not be permitted to excuse his delay in seeking relief on the ground of ignorance of his rights. * * *."

This is an additional reason for our conclusion the trial court was correct in dismissing the cause of action asserted in division 3.

IV. The trial court in one conclusion stated its refusal to convert the deed from plaintiffs to Bly into an equitable mortgage was based on the fact the adjudication in the February 1963 forcible entry and detainer action as to right of possession was conclusive. Plaintiffs challenge this reasoning on the one hand and the estate seeks to uphold it on the other.

In view of our conclusion as to correctness of the trial court's ruling dismissing the cause of action asserted under the theory of equitable mortgage, we have no occasion to consider the question. The court did rest its decision on the ground dealt with in Division II, supra.

In view of the extent of our review of this particular cause it is our duty to review the whole record and adjudicate rights anew on those propositions properly presented, provided issue has been raised and error, if any, properly preserved. Cole v. City of Osceola, 179 N.W.2d 524, 527 (Iowa 1970).

■ In State Auto. & Cas. Under. By Automobile Underwriters v. Hartford Acc.

& Ind. Co., 166 N.W.2d 761, 766 (Iowa 1969) we say:

"'* * * We are committed to the rule that we must affirm the trial court if any sufficient basis appears in the record therefor even though the ruling was placed upon a different ground. The burden is on appellant to demonstrate error and this he has not done if the record shows proper support for the ruling complained of.' * * * [citing authorities]."

We have found a sufficient reason for affirming the trial court's dismissal of division 3 other than the one suggested in this division.

■ V. Plaintiffs' remaining attack on the court's decree concerns dismissal of division 2 in which they seek recovery under an implied contract. This cause of action was at law and our review is for correction of errors at law. Rule 334, R.C.P.

Plaintiffs had the burden of establishing the contract declared on. Our province is simply to examine the record to determine whether there is substantial support in the evidence for a factual finding of the existence of an implied contract to pay for the labor and material specified in the pleading. In our search for substantial support we view the evidence in the light most favorable to plaintiffs. Rule 344(f) (2), R.C.P.

The trial court was correct in concluding plaintiffs failed to establish an implied contract. It was the finder of fact.

VI. In reaching our conclusions we have considered each brief point asserted by plaintiffs whether specifically referred to or not.

The trial court's decree is in all respects

Affirmed.

All Justices concur except BECKER, J., who takes no part.